UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

MATTHEW F. NUTTING,

        **Plaintiff,**

v.                                                                                            5:18-cv-00251(BKS/ATB)

STANLEY LAW OFFICES, LLP,

        **Defendant.**

───────────────────────────────────────────────

**Appearances:**

Matthew F. Nutting, Pro se
East Syracuse, NY 13057

**Hon. Brenda K. Sannes, United States District Judge:**

## DISMISSAL ORDER

On February 27, 2018, Plaintiff Matthew F. Nutting filed an "Emergency Motion/Affidavit for an Order to Show Cause for a Preliminary Injunction and Motion for Temporary Restraining Order" seeking an order directing Defendant Stanley Law Offices LLP to return "Plaintiff's claimants' Social Security Disability (SSD) and Supplemental Security Income (SSI) files for which the Plaintiff represents said claimants pursuant to 42 U.S.C. § 406(a)" and declaring that "all representative fees . . . belong to the Plaintiff." (Dkt. No. 1 ). Two issues were immediately apparent. First, Plaintiff's submissions failed to allege subject matter jurisdiction.  Second, Plaintiff had not filed a complaint. Accordingly, the Court issued this Text Order:

> As a preliminary matter, it is not clear that this Court has jurisdiction in this case. Section 406, which governs the "Representation of claimants before Commissioner of Social Security," does not appear to contain a private right of action, thus, it does not provide a basis for federal question jurisdiction under 28 U.S.C. § 1331. Further, as both parties appear to be citizens of New York (Dkt. No. 1-4), there is no basis for diversity jurisdiction under 28 U.S.C. § 1332. Finally, because Plaintiff seeks a temporary restraining order, he is required by Local Rule 7.1(f) to serve a copy of his application on all parties. There is no indication that Plaintiff has done so in this case, nor has he filed a complaint. Accordingly, Plaintiff is directed to (1) serve a copy of his moving papers on Defendant, and file a certificate of service with the Court, by March 5, 2018; and (2) file a complaint by March 5, 2018 specifically identifying the basis for this Court's subject matter jurisdiction. Once Plaintiff has filed a certificate of service and a complaint demonstrating a basis for this Court's subject matter jurisdiction, the Court will set a briefing schedule on his emergency motion. If Plaintiff is unable to demonstrate subject matter jurisdiction, his motion will be denied and this case will be closed.

(Dkt. No. 3). To date, Plaintiff has neither filed proof of service of the moving papers nor a complaint demonstrating subject matter jurisdiction.

"[I]n our federal system of limited jurisdiction . . . the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks and citation omitted); *see Durant, Nichols, Houston, Hodgson & Cortese–Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress.") (quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). Section 1331 provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim arising under the Constitution or

laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (internal quotation marks omitted). *See Buch v. Farmingdale State Coll.*, No. 12–CV–1762, 2013 WL 789354, at *10, 2013 U.S. Dist. LEXIS 31788, at * (E.D.N.Y. Mar. 4, 2013) ("Although courts hold *pro se* complaints to less stringent standards than formal pleadings drafted by lawyers, *pro se* litigants still must establish subject matter jurisdiction to proceed in federal court.") (internal citation and quotation marks omitted).

Section 405(g) of the Social Security Act limits judicial review "to those decisions involving 'a party.'" *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 149 (2d Cir. 2007); 42 U.S.C. § 405(g). Plaintiff does not allege that he was a party to any proceedings before the Commissioner of Social Security, thus, § 405(g) does not provide a basis for federal question jurisdiction. *See id.* (holding that because the plaintiff law firm that had represented a claimant in disability proceedings "was not a party in the proceedings before" the Social Security Administration ("SSA"), it could not "avail itself of section 405(g)" as a basis for federal question in action seeking declaration that it was entitled to keep attorneys' fees SSA paid to it in connection with its successful representation of that claimant).[1] Further, Plaintiff's claim appears to be one for *quantum meruit* or breach of contract, which arises under state law. *See Levitt v. Brooks*, 669 F.3d 100, 103 (2d Cir. 2012) (observing that "attorneys' fees arrangements

---

[1] The Second Circuit ultimately found federal question jurisdiction on other grounds. *See Binder*, 481 F.3d at 150 (conceiving of law firm's "claims (both constitutional and statutory) as arising out of property rights created by section 406 of the Act" and holding that it could "invoke federal question jurisdiction under 28 U.S.C. § 1331 because, were such jurisdiction unavailable, it would be unable to obtain any judicial review of its claims under the Act."). In this case, Plaintiff raises no constitutional claims and there is no indication that he cannot obtain judicial review of his claim.

3

are primarily a matter of state law" (citing *Novinger v. E.I. DuPont de Nemours & Co., Inc.*, 809 F.2d 212, 217 (3d Cir. 1987))). While a court may exercise ancillary jurisdiction over a fee disputes when a court has subject matter jurisdiction over the underlying action, *see id.* ("It is well settled that a federal court may, in its discretion, exercise ancillary jurisdiction to hear fee disputes . . . between litigants and their attorneys when the dispute relates to the main action."), there are no underlying proceedings in this case. Therefore, even construing Plaintiff's pro se filings liberally and to raise the strongest arguments they suggest, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.") (internal quotation marks omitted)), the Court finds that it lacks subject matter jurisdiction and that this action must be dismissed.[2] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, it is

**ORDERED** that this case is **DISMISSED without prejudice** for lack of subject matter jurisdiction; and it is further

**ORDERED** that the motions for a temporary restraining order and preliminary injunction (Dkt. No. 1) are **DENIED as moot**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case; and it is further

---

[2] While the Court is cognizant of Plaintiff's status as a pro se litigant, as well as its obligation to allow a pro se litigant to file an amended pleading following dismissal, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000) ("[A] pro se plaintiff . . . should be afforded the . . .opportunity . . . to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)), because there appears to be no basis for subject matter jurisdiction, and the Court has provided Plaintiff with an opportunity to cure this defect, the Court declines to extend the Plaintiff a second opportunity.

**ORDERED** that the Clerk of the Court is directed to serve a copy of this Dismissal Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  March 30, 2018

Brenda K. Sannes
U.S. District Judge